IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 19-34093 |
| Luther Wayne Smith § | | |
| § | | |
| Debtors § | | Chapter 13 |

**DEBTOR'S EMERGENCY MOTION TO REDACT DOCKET #17 AND
TO ORDER KAPITUS SERVICING, INC. TO PAY FEES TO COUNSEL FOR DEBTOR**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.
Emergency relief has been requested. If the Court considers the
motion on an emergency basis, then you will have less than 21
days to answer. If you object to the requested relief or if you
believe that the emergency consideration is not warranted, you
should file an immediate response.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Luther Wayne Smith, Debtor(s), and pursuant to 11 U.S.C. §105(a), §107(c)(1), and Bankruptcy Rule 9037, files this Emergency Motion of Debtor(s) to Redact Docket #17, and To Order KAPITUS SERVICING, INC. to Pay Fees To Counsel for Debtor, and as cause would show as follows:

1. Debtor(s) filed this case on 7/26/2019.  See docket #1.

2. Docket #17 contains means of identification as defined in Title 18 U.S.C. §1028(d) or other personal information consisting of the following: date of birth and social security number.  NOTE: Docket #17 also appears as docket #1 in adversary case number 19-

03655.

3.      The disclosure of this information creates an undue risk of identity theft or other unlawful injury to the Debtor(s) or their property.

4.      The ECF docket entries are public documents available to anyone who wishes to view the document. Electronic Case Filing is achieved via Public Access to Court Electronic Records (PACER).

5.      Docket #17 displayed, for the entire world to see, Debtor's date of birth and social security number.  Sufficient personal and private data is revealed for an identity thief to hijack the Debtor's identity and ruin their life.

6.      Kapitus Servicing, Inc. made this information available to any and all persons with a computer and internet access.

7.      Protection of individual personal and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. §§3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their local rules and practices to the Act. This Court has implemented such procedures and privacy requirements.

8.      The Respondent is a sophisticated creditor with knowledge of bankruptcy rules and procedure.

9.      The Respondent has also intentionally communicated or otherwise made available to the general public the personal and private data of the debtor in direct violation of the Gramm-Leach-Bliley Act, 15 USC 6801 et seq., Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and other laws.

10.     It was necessary for the undersigned Counsel to review the pleading in detail, to prepare and file this Motion, to prosecute the Motion, to attend any necessary hearings on this matter, to follow up to be sure any necessary redaction is completed, to counsel the Debtor(s) to monitor their credit, to monitor their Social Security earnings records, and to otherwise protect the

Debtor's identity and rights in this matter.

11. The Court should order Kapitus Servicing, Inc. to pay Counsel his fees in the amount of $600.00 for his reasonable and necessary services in this matter.

REASON FOR EMERGENCY: Every day that passes is another day that debtor's personal information may be obtained by a potential identity thief.  Emergency relief is requested.

WHEREFORE, PREMISES CONSIDERED, Debtor(s) respectfully requests the Court to seal or otherwise protect the Debtor(s) from disclosure of the above-described personal identifying information to the public, to order Kapitus Servicing, Inc. to pay fees to Counsel as prayed for above, and for such other and further relief which the Court deems just and proper.

Date: November 8, 2019

Respectfully submitted,

/s/C. Alexander Higginbotham
**C. Alexander Higginbotham**
State Bar No. 24059946
Law Office of J. Thomas Black, PC
2600 S. Gessner, Suite 110
Houston, Texas 77063
Telephone 713-772-8037
Fax 713-772-5058
alex@jthomasblack.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Emergency Motion to Redact Docket #17 and To Order Kapitus Servicing, Inc. to Pay Fees To Counsel for Debtor was served either electronically or mailed, U.S. First Class Mail, postage prepaid on November 8, 2019 to the Respondent Kapitus Servicing, Inc. at: Kapitus Servicing, Inc., c/o Charles M. Rubio, 909 Fannin, Suite 3700, Houston, Texas 77010, to the Chapter 13 Trustee, and to the Debtor(s).

/s/C. Alexander Higginbotham
C. Alexander Higginbotham